PEOPLE ex rel. HENNESS v. DOUGLASS et al., Inspectors of Election.

(Supreme Court, Appellate Division, Third Department. March 23, 1911.)

MANDAMUS (§ 3*)—PERFORMANCE OF OFFICIAL DUTY—OTHER REMEDIES.

The holder of a liquor tax certificate may not intervene in mandamus against the inspectors of an election district of the town to compel them to file the tally sheet and to make a correct return of the votes on the question of the right to sell liquor, since the result of the vote, so far as he is concerned, may be determined by motion under Liquor Tax Law (Consol. Laws, c. 34) § 27, to cancel the certificate, and since, under Election Law (Consol. Laws, c. 17) § 374, the ballot box may be opened and the result of the election determined.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 3.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Mandamus by the People, on the relation of Walter Henness, against J. Harper Douglass and others, as Inspectors of Election of the First Election District of the Town of Kortright, Delaware County. On petition of Charles H. Tupper for an order setting aside the return to the writ of mandamus previously granted and the returns filed by defendants as inspectors. Denied.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

C. L. Andrus, for petitioner.
Hamilton J. Hewitt, for relator.
O'Connor & O'Connor, for inspectors.

PER CURIAM. It was the duty of the inspectors to file the tally sheet, and this court properly required them to perform that duty. 126 N. Y. Supp. 908. Their duties as a canvassing board have otherwise ended. The vote of the town, and not the statement of the result, determines the right to sell liquors. The statement originally made, however, is presumptive evidence of the result of the vote. People ex rel. Leonard v. Hamilton, 42 App. Div. 212, 59 N. Y. Supp. 943. There must be some proper way of now determining the result of the vote. Apparently a motion may be made under section 27 of the liquor tax law (Consol. Laws, c. 34) to cancel the certificate on the ground that the holder is not entitled to it, for the reason that the town voted against the sale of liquors. Under section 374 of the election law (Consol. Laws, c. 17) the ballot box may be opened, and it would seem there are ample means of determining in a proper way the result of the election. The petitioner's application to intervene is denied, for the reason that the return as filed cannot prejudice him, as the question as to the result of the vote must be determined otherwise and in another proceeding.

The motion is therefore denied.

HOUGHTON, J. (concurring in result). This court ordered the inspectors to make a return, which they have done. They were still in office for the purpose of making a correct return of the votes cast, if they had made no return at all or had made a mistaken one. The return, therefore, which they made under the mandamus directed to be issued by this court, is of some effect and force. As against the petitioner, it is prima facie evidence of the vote on the liquor tax proposition in controversy. The petitioner's liquor tax certificate was issued to him on a former return of the inspectors, and that return permitted such a certificate to be issued. When any proceeding shall be taken, if any shall be, to cancel the certificate so issued to him, the second return made under this proceeding will not be conclusively binding on the petitioner, but prima facie evidence only, and it will be competent to show what the actual vote taken on the liquor tax question was. It is not necessary, therefore, that the petitioner should be made a party to the present proceeding, and I concur in the result of denying his motion to intervene.